UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WILLIAM L. DAVIDSON,

                Plaintiff,

- against -

ANY PARTNERSHIP THE CITY OF RECORD
NEW YORK CITY; NEW FOR
PURPOSES-NEW YORK STATE,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-0520 (RRM) (LB)

**MAUSKOPF, United States District Judge.**

    Plaintiff William L. Davidson, currently incarcerated at Clinton Correctional Facility, filed this *pro se* action on January 31, 2011. On February 17, 2011, this Court granted Plaintiff's motion to proceed *in forma pauperis*, and ordered Plaintiff's Complaint dismissed for failure to state a claim. (Mem. and Order (Doc. No. 4) 3.) The Court granted leave to replead within thirty days. (*Id.*) On March 2, 2011, Plaintiff filed a submission entitled "Facts to Support Position is to Validate This Complaint." (Notice (Doc. No. 5) 1.) The Court construes this filing as Plaintiff's Amended Complaint.

    Consistent with this Court's powers under 28 U.S.C. § 1915A, the Amended Complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted, as required by Rule 8(a). Dismissal is appropriate where a "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's Amended Complaint is unintelligible, despite this Court's clear instructions in its February 17 Order that Plaintiff "set forth factual allegations to support his claim," name proper defendants, and provide "dates and locations for

each relevant event." (Mem. and Order 3.) The Amended Complaint does none of these things. It reads, for example, "I ALLOW THE COURT A PARTY INSIDE THIS SHAMBLE. THAT IT IS IN NATURE NOT TO APPLY IN JAIL. THUS I AM AT FAIR DISABILITY TO ONLY HARM THUS WILLIAM PRO SE COURT." (Notice at 1 (emphasis in original).) Plaintiff has not named any proper defendant, but instead names "New York In Federal At Deprivation." (*Id.*) Dismissal, therefore, is appropriate.

The Court already has provided one opportunity to replead, and the Amended Complaint "fails to 'give[] any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Leave to amend is properly denied "in instances of futility." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). Therefore, Plaintiff's Amended Complaint is DISMISSED with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       March 9, 2011

ROSLYNN R. MAUSKOPF
United States District Judge